# EXHIBIT A



# Notice of Service of Process

null / ALL  
Transmittal Number: 31181902  
Date Processed: 04/09/2025

| | |
|---|---|
| **Primary Contact:** | Julie Heine<br>Seyfarth Shaw LLP - Equifax<br>1075 Peachtree St NE<br>Ste 2500<br>Atlanta, GA 30309-3958 |
| **Electronic copy provided to:** | D'Khorvillyn Tyus<br>Jessica Spurlock<br>Elisa Lyons<br>Janise Jordan<br>Marteese White<br>Deborah Fataki<br>Kristin Zielmanski<br>Trent McNeill<br>Dana Hantack<br>Legal Department<br>Dee Davis<br>Beth Hope<br>Laura Ratliff<br>Luke Donohue<br>Jessica Wiles<br>Mackenzie Cole<br>Nadia Reynaga-Moreno |
| **Entity:** | Equifax Inc.<br>Entity ID Number  0635426 |
| **Entity Served:** | Equifax, Inc. |
| **Title of Action:** | Caleb Marchand vs. Equifax, Inc. |
| **Matter Name/ID:** | Caleb Marchand vs. Equifax, Inc. (17160683) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | New London Superior Court, CT |
| **Case/Reference No:** | KNL-CV-25-6074158S |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 04/09/2025 |
| **Answer or Appearance Due:** | 05/20/2025 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | April Forbes, P.C.<br>518-249-5328 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**  
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ | **STATE OF CONNECTICUT** **JUDICIAL BRANCH** **SUPERIOR COURT** www.jud.ct.gov  |

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [x] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 112 Broad Street, New London, Connecticut 06320 | (860) 443 – 8343 | May 20, 2025 |

| [x] Judicial District   G.A. | At (City/Town) | Case type code (See list on page 2) |
| [ ] Housing Session  [ ] Number: | New London | Major: M90   Minor: T90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| April Forbes, Esq., P.O. Box 865, Hudson, New York 12534 | 444521 |

| Telephone number | Signature of plaintiff (if self-represented) |
| (518) 249 – 5328 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)   [x] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book: aforbes@esquirepc.org

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Marchand, Caleb  Address: 123 Bull Hill Road, Colchester, Connecticut 06415 | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: Equifax, Inc.  Address: 1550 Peachtree Parkway NW, Atlanta, Georgia 30309 | D-01 |
| Additional defendant | Name:  Address: | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

**Total number of plaintiffs: 1**   **Total number of defendants: 1**   [ ] Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney. **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [x] Commissioner of Superior Court  [ ] Clerk | Name of person signing  April Forbes |
|---|---|---|---|
| 04/01/2025 | | | |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

**For Court Use Only**
File Date

TRUE COPY ATTEST:
PHYLLIS E. AIREY
State Marshal - Hartford County

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

Print Form    Page 1 of 2    Reset Form

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction – All other | Property | P 00 | Foreclosure |
| | C 10 | Construction – State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises – Private – Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises – Private – Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises – Public – Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises – Public – Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability – Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice – Medical |
| | E 90 | All other | | T 29 | Malpractice – Legal |
| Housing | H 00 | Housing – Summary Process | | T 30 | Malpractice – All other |
| | H 03 | Housing – Deceased Tenants – Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing – Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing – Rent and/or Damages | | T 61 | Animals – Dog |
| | H 20 | Housing – Housing Code Enforcement | | T 69 | Animals – Other |
| | H 30 | Housing – Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing – Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing – Administrative Appeal | | T 90 | All other |
| | H 60 | Housing – Municipal Enforcement | Vehicular Torts | V 01 | Motor Vehicles* – Driver and/or Passenger(s) vs. Driver(s) |
| | H 70 | Housing – Bed Bug Infestation | | V 04 | Motor Vehicles* – Pedestrian vs. Driver |
| | H 87 | Housing – Denied Fee Waiver Appeal | | V 05 | Motor Vehicles* – Property Damage only |
| | H 90 | Housing – All Other | | V 06 | Motor Vehicle* – Products Liability Including Warranty |
| Miscellaneous | M 00 | Injunction | | V 09 | Motor Vehicle* – All other |
| | M 10 | Receivership | | V 10 | Boats |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 20 | Airplanes |
| | M 20 | Mandamus | | V 30 | Railroads |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 40 | Snowmobiles |
| | M 40 | Arbitration | | V 90 | All other |
| | M 50 | Declaratory Judgment | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 63 | Bar Discipline | | | |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | Wills, Estates and Trusts | W 00 | Probate Appeals |
| | M 68 | Bar Discipline – Inactive Status | | W 10 | Construction of Wills and Trusts |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 90 | All other |
| | M 75 | Foreign Subpoena – C.G.S. 52-657 | | | |
| | M 80 | Foreign Civil Judgments – C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board | | | |
| | M 89 | CHRO Action in the Public Interest – P.A. 19-93 | | | |
| | M 90 | All other | | | |

**RETURN DATE: MAY 20, 2025**

                                     **SUPERIOR COURT**
                                     **J.D. OF NEW LONDON**

-------------------------------------------------------X
CALEB MARCHAND,

                                     Docket No.: KNL-CV-25-6074158S

           Plaintiff,

   -against-

                                     **COMPLAINT**

EQUIFAX, INC.

                                     **DEMAND FOR JURY TRIAL**

               Defendant(s).
                                     April 1, 2025
-------------------------------------------------------X

       Plaintiff CALEB MARCHAND ("Plaintiff"), by and through his attorneys, April Forbes, P.C., as for his Complaint against Defendant EQUIFAX ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

       1.     Plaintiff brings this action for damages, declaratory relief and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

### Parties:

       2.     Plaintiff resides in the County of New London within the State of Connecticut.

       3.     Defendant is Georgia corporation with a place of business at 1550 Peachtree Parkway NW, Atlanta, Georgia and which conducts business in the State of New York.

       4.     Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports - as defined in 15 U.S.C. §1681(d) to third parties.

### Jurisdiction:

       5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

### Venue:

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

### Factual Allegations:

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. The Plaintiff obtained a copy of his credit report and noticed several accounts which he believes was reporting with inaccurate information.

10. Based on this information the Plaintiff wrote a dispute letter by certified mail, to the Defendant dated July 17, 2024, which stated as follows:

> Dear Equifax
> Regarding the following accounts:
> I am writing to dispute the following information that appears on my Equifax consumer report.
> 1. YAMAHA MOTOR FINANCE ACCT#: XXXXXXXX: This account is not familiar to me and I can not remember what it is for.
> 2. JPMCB CARD SERVICES ACCT#: XXXXXXX I settled this account and there was an agreement set into place that once I settled they would remove this line item from my credit.
> 3. SYNCB/AMAZON ACCT#: 604578XXXXXXX : I have always paid my debts on time and I have never been late on this account.
> 4. PENTAGON FCU ACCT#: 337626XXXXXX : I have always paid my debts on time and I have never been late on my car payments.
> 5. ESB/ HARLEY DAVIDSON CR ACCT#: 201706XXXXXX FOR $4815: I did have an issue with this account but I do not recall this account with such a high balance. Its much higher than I recall.
> 6. FORD MOTOR CREDIT COMP ACCT#: 554575XXXXXX: I have always paid my debts on time and I have never been late on this account.
> 7. GREENWOOD CU ACCT#: XXXXXXXX FOR $321: This line item was paid in full in 2018, there should be no balance on this account.
> 8. SCIENT FCU ACCT#: 136234XXXXX FOR $8250 : This auto loan balance is incorrect as I recall it was a much lower balance and it was never corrected. It needs to be verified.
> 9. MEREDITH VILLAGE SVG ACCT#: 203340XXXXXX FOR $11,752: I have paid this account in full during COVID and there should be no balance. There have been multiple attempts to verify this account and no response.
> 10. SCIENT FCU ACCT#: 136234XXXXX FOR $526: This account was paid in full years

ago and it is reporting inaccurately and needs to be corrected.

11. Defendant failed to do a reasonable investigation, either verifying, deleting, or marking as disputed the disputed tradelines within the 30 day required timeframe, but, instead responded with a delay tactic letter dated July 25, 2024 which stated as follows:

> We have received your request concerning inaccurate information on your Equifax credit file. Because the information you provided as proof of your identity does not match the information we currently have on your credit file...to process your request.

12. Defendant's delay tactic letter dated July 25, 2024 was unwarranted since the Plaintiff mailed the dispute letter dated July 17, 2024 himself, provided his correct identification to Defendant information including his name, social security number, date of birth, address and a copy of his driver's license.

13. The Plaintiff send the Defendant a second dispute letter with a consumer statement request dated October 3, 2024, which stated as follows:

> Dear Equifax
> Re: delete inaccurate information
> My credit report was recently pulled and I realized there are a few errors on my file. This is the second attempt to correct this inaccurate information. I am requesting that you review and remove the following accounts as they are incomplete, inaccurate ( amount owed to each account),
>
> PAST THE STATUTE OF LIMITATION REPORTING PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES, and or unverifiable. I REQUESTED THIS ACCOUNT TO BE DELETED FROM MY CREDIT FILE DIRECTLYFROM THE FURNISHER. IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AMREQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ONMY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING: "THE ACCOUNTS AREREPORTING PAST THE STATUTE OF LIMITATION REPORTING PERIOD AS WELLREPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES."
> If this statement is not disclosed on my report, the account needs to be deleted immediately. The following accounts:
> 1. SYNCB/AMAZON ACCT#: 604578XXXXXXX
> 2. JPMCB CARD ACCT#: 414720XXXXXXXX
> 3. GREENWOOD CU ACCT#: XXXXXXXX
> 4. SCIENT FCU ACCT#: 136234XXXXX
> 5. MEREDITH VILLAGE SVG ACCT#: 203340XXXXXX
> 6. PENTAGON FEDERAL CU ACCT#: 337626XXXXX
> 7. SCIENT FCU ACCT#: 136234XXXXX

8. HARLEY DAVIDSON FIN ACCT#: 201706XXXXXXXX
9. PORTFOLIO RECOV ASSOC ACCT#: 426938XXXXXX
10. PORTFOLIO RECOV ASSOC ACCT#: 176578XXXXXX
**PLEASE NOTE** I AM OPTING OUT OF RECEIVING CREDIT REPORT RESPONSES ELECTRONICALLY. I MUST RECEIVE ALL CORRESPONDENCE VIA U.S. MAIL. AS OF RIGHT NOW, PLEASE DO NOT ADD A FRAUD ALERT TO MY CREDIT FILE UNLESS I SPECIFICALLY REQUEST IT FROM YOU AND NOT FROM ANY OTHER CREDIT BUREAU(S).

I am also requesting a copy of my entire credit file for further reviews. I am requesting that you forward me all documents you have concerning my file, not just my report. Please include all factual data forms, all notices of delinquencies and any other items that my file might contain.

14. The Defendant failed to properly investigate, failed to properly update, and failed to include the required consumer statement under 15 U.S.C. §1681i(a)(8)(b), including, but not limited to no investigation of the Scient FCU account, and no investigation of the SYNCB/AMAZON account.

15. The Plaintiff pulled his credit report again on December 24, 2024, and it was not updated, did not contain the consumer statement and still reported Portfolio Recovery Accounts notwithstanding representations in a letter by Defendant to Plaintiff dated December 6, 2024 wherein Defendant indicates that accounts with Portfolio Recovery were not reported on Plaintiff's credit report.

### Count One: Violation(s) of the FCRA

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

17. 15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and provides as follows:

> (1) Reinvestigation required
>
> (A) In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item

from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(6)  NOTICE OF RESULTS OF REINVESTIGATION

(A)  In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents. As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

(i)  a statement that the reinvestigation is completed;
(ii)  a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
(iii)  a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;
(iv)  a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and
(v)  a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

(7)  DESCRIPTION OF REINVESTIGATION PROCEDURE

A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

18. Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account as requested by Plaintiff; (ii) failing to properly and timely respond to Plaintiff's dispute within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

19. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as Plaintiff requested and as required by law.

20. As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual

damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

21. The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

22. After receiving Plaintiff's dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

23. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's dispute, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

25. Defendant prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

26. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

27. Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's dispute regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

28. As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

29. The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

30. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

31. As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

32. The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

33. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

34. Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

35. In response to Plaintiff's second dispute letter dated October 3, 2024, Defendant failed to properly investigate and failed to include the required consumer statement under 15 U.S.C. §1681i(a)(8)(b) as evident from Plaintiff's credit report dated December 24, 2024 which confirms that Defendant failed to update the report.

36. Also, in response to Plaintiff's second dispute letter dated October 3, 2024, Defendant failed to include the required consumer statement under 15 U.S.C. §1681i(a)(8)(b)

37. As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

38. The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

39. After receiving Plaintiff's second dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

40. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's second dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

42. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

43. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

44. Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's second dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

45. As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

46. The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

48. As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

49. The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it

liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

50.  In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

51.  Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

**WHEREFORE, THE PLAINTIFF CLAIMS THE FOLLOWING REMEDIES:**

A.  For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B.  For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C.  A Declaration that Defendant's practices violated the FCRA;

D.  An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F.  For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 1, 2025

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*
Juris No.: 444521

A TRUE COPY ATTEST:
PHYLLIS E. AIREY
Conn... State Marshal - Hartford County

**RETURN DATE: MAY 20, 2025**

-----------------------------------------------------X

CALEB MARCHAND,

                 Plaintiff,

   -against-

EQUIFAX, INC.

                 Defendant(s).

-----------------------------------------------------X

**SUPERIOR COURT**
**J.D. OF NEW LONDON**

Docket No.: KNL-CV-25-6074158S

**DEMAND FOR JURY TRIAL**

April 1, 2025

## STATEMENT OF AMOUNT IN DEMAND

    The amount in demand is greater than Fifteen Thousand Dollars exclusive of interest and costs.

Dated: April 1, 2025

                                                  Respectfully submitted,

                                                  April Forbes, Esq.
                                                  April Forbes, P.C.
                                                  P.O. Box 865
                                                  Hudson, New York 12534
                                                  *Attorney(s) for the Plaintiff*
                                                  Juris No.: 444521

A TRUE COPY ATTEST:

PHYLLIS E. AIREY
Connec... State Marshal - Hartford County

**RETURN DATE: MAY 20, 2025**

                                                    **SUPERIOR COURT**
                                                    **J.D. OF NEW LONDON**

-------------------------------------------------------------X

CALEB MARCHAND,

                                                  Docket No.: KNL-CV-25-6074158S

                    Plaintiff,

    -against-


EQUIFAX, INC.

                    Defendant(s).

                                                  April 1, 2025

## COMPLAINT AND STATEMENT
## OF AMOUNT IN DEMAND

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

---

To:
Attorney(s) for:

---

Service of a copy of the within                                              is hereby admitted.

Dated:
                                                  -------------------------------
                                                        Attorney (s) for

---

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous.

Date: April 1, 2025                                    Signature _____

                                                                April Forbes, Esq.
               A TRUE COPY ATTEST:         Juris No.: 444521
                                                     Attorney(s) for Plaintiff
                 PHYLLIS E. AIREY            April Forbes, P.C.
        Connecticut State Marshal - Hartford County   P.O. Box 865
                                                       Hudson, New York 12534
                                                        (518) 249-5328 - Telephone
                                                        (518) 707-0880 - Telefax
                                                        aforbes@esquirepc.org - Email